UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO CUADRA,<br><br>    Plaintiff,<br><br>    v.<br><br>GEORGE BROWN SPORTS CLUB-PALM, INC., GEORGE BROWN SPORTS CLUB, INC., JOHNSON CONTRACTING, INC., and DOES 1 through 100, inclusive,<br><br>    Defendants. | No. 1:17-cv-01063-DAD-EPG<br><br>ORDER REJECTING STIPULATION OF PARTIES<br><br>(Doc. No. 28) |
| JOHNSTON CONTRACTING, INC., a California corporation,<br><br>    Third Party Plaintiff,<br><br>    v.<br><br>WILLIAM MCKEAND dba TEC SPEC, WCM, INC. dba TEC SPEC, a California corporation, and ROES 1 to 50, inclusive,<br><br>    Third Party Defendants. | |

/////

/////

1

| | |
|---|---|
| 1 | |
| 2 | WCM, INC. dba TEC SPEC, a California corporation, |
| 3 | Third Party Plaintiff, |
| 4 | v. |
| 5 | AMERICAN SPECIALTIES, INC., KENNETH GLEN CLARK dba CLARK INSTALLATION, and ROES 1 to 25, inclusive, |
| 6 | |
| 7 | |
| 8 | Third Party Defendants. |

This case was initially removed to this court on August 8, 2017. (Doc. No. 1.) Following its removal, several parties have filed third-party complaints, naming additional defendants. (*See* Doc. Nos. 14, 29.) Thus far, plaintiff Cuadra, defendants George Brown Sports Club-Palm, Inc. and George Brown Sports Club, Inc., defendant and third-party plaintiff Johnston Contracting, Inc., and third-party defendants William McKeand and WCM, Inc., the latter of whom is also a third-party plaintiff, have all appeared in the action. On December 12, 2017, Johnston Contracting, Inc. filed a stipulation to dismiss third-party defendant William McKeand from the action without prejudice. (Doc. No. 28.) This stipulation was signed solely by counsel for Johnston Contracting, Inc. and counsel for William McKeand and WCM, Inc. (*See id.*) The stipulation was not signed by any other parties that have entered an appearance here.

Rule 41 of the Federal Rules of Civil Procedure permits dismissal of an action without a court order upon the filing of a stipulation of dismissal "signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Federal court have interpreted this provision to mean the stipulation must be signed by all parties who have appeared, not merely those parties named in the particular complaint that is being dismissed. *See Negron v. City of Miami Beach*, 113 F.3d 1563, 1571 (11th Cir. 1997) ("The rule is clearly stated: a voluntary dismissal by stipulation is applicable only if *all* the parties sign off on it."); *Am. Zurich Ins. Co. v. Cal. Faucets, Inc.*, No. 14 Civ. 9146 (LGS), 2016 WL 4544064, at *3 (S.D.N.Y. Aug. 30, 2016) (indicating that a third-party defendant's signature was required for dismissal under Rule 41(a)(1)(A)(ii)); *Castillo v. Kovacevich*, No. 1:13-cv-47-TLS, 2013 WL 2358992, at *1 (N.D. Ind. May 28, 2013) (declining

to dismiss a counterclaim under Rule 41(a)(1)(A)(ii) because the stipulation lacked the signature of one appearing defendant, even though that defendant had not asserted any counterclaims, cross-claims, or third-party claims); *Lenox Hotel Co. v. Charter Builders, Inc.*, 717 F. Supp. 1558, 1561 (N.D. Ga. 1989) (noting that a motion under Rule 41(a)(2) was necessary because certain third party defendants had refused to sign the stipulation of dismissal); *see also Nguyen v. U.S. D.E.A.*, No. 1:0 CV 00026 MP AK, at *3 (N.D. Fla. Sept. 1, 2005).

Here, several parties who have appeared in this action have not stipulated to the dismissal of defendant McKeand, including Cuadra, George Brown Sports Club-Palm, Inc., and George Brown Sports Club, Inc. Therefore, dismissal under Rule 41(a)(1)(A)(ii) is improper. Counsel may either file a stipulation meeting the requirements of Rule 41(a)(1)(A)(ii) or they may file a motion to voluntarily dismiss defendant McKeand under Rule 41(a)(2), if a stipulation cannot be obtained.

For these reasons, the court declines to sign the proposed order approving the dismissal of defendant McKeand pursuant to the stipulation filed on December 12, 2017 (Doc. No. 28).

IT IS SO ORDERED.

Dated: **December 13, 2017**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE