UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO CUADRA,<br><br>    Plaintiff,<br><br>    v.<br><br>GEORGE BROWN SPORTS CLUB-PALM, INC.; GEORGE BROWN SPORTS CLUB, INC.; JOHNSTON CONTRACTING, INC.; and DOES 1 through 100, inclusive,<br><br>    Defendants.<br><br>AND RELATED CROSS-ACTIONS | No. 1:17-cv-01063-DAD-EPG<br><br><u>ORDER GRANTING DEFENDANT AND THIRD-PARTY DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND</u><br><br>(Doc. Nos. 80, 82, 83) |

This matter is before the court on a motion for partial judgment on the pleadings filed by third-party defendant Kenneth Glen Clark, dba Clark Installation ("Clark Installation") and joined by third-party defendant WCM, Inc., dba Tec Spec Constructors ("Tec Spec") and defendant Johnston Contracting, Inc. ("Johnston Contracting"). (Doc. Nos. 80, 82, 83.) A hearing on the motion was held on April 2, 2019. Attorneys Steven Dias and Robin Hall appeared on behalf of plaintiff Mario Cuadra. Attorney Chelsea Whelan appeared on behalf of third-party defendant Clark Installation, and attorney Alexander Sharp appeared on behalf of third-party defendant Tec Spec. Attorney Warren Campbell appeared on behalf of defendant Johnston Contracting and

attorney Paul Fata appeared on behalf of defendant George Brown Sports Club Palm, LLC (erroneously sued herein as "George Brown Sports Club-Palm, LLC") and George Brown Sports Club, Inc. (collectively "GB3"). The court has considered the parties' briefs and oral arguments, and for the reasons set forth below, will grant the motion for partial judgment on the pleadings, with leave to amend.

## BACKGROUND

Plaintiff's complaint alleges as follows. Plaintiff is a person with physical disabilities resulting from a prior injury to his knees. (Doc. No. 1 at 9.) On or about July 8, 2016, plaintiff visited the George Brown Sports Club facility located at 7825 N. Palm Avenue in Fresno, California (the "Property"). (*Id.* at 7, 8.) Plaintiff attempted to shower in the men's handicap shower stall using the handicap seat, but the seat and the securing bolts sheared off the wall, causing plaintiff to fall. (*Id.* at 8.) As a result of the fall, plaintiff sustained physical injuries including, but not limited to, fatigue, stress, strain, pain, and injury to his neck and back that required surgical intervention. (*Id.* at 13.) Plaintiff also suffered mental and emotional distress, including, but not limited to, shame, humiliation, embarrassment, anger, disappointment, and worry. (*Id.*)

Plaintiff filed this action in Fresno County Superior Court on July 7, 2017. (*Id.* at 7.) Plaintiff asserts six causes of action against defendants George Brown Sports Club Palm LLC, George Brown Sports Club, Inc., Johnston Contracting, and Does 1–100 for: (1) violation of the Americans with Disabilities Act of 1990 ("ADA"); (2) violation of the Unruh Civil Rights Act ("Unruh Act"); (3) denial of full and equal access to public facilities under Health and Safety Code § 19955(a); (4) negligence; (5) premises liability; and (6) product liability. (*Id.* at 14–22.) Plaintiff seeks damages, injunctive and declaratory relief, and attorneys' fees and costs. (*Id.* at 7–8.)

On August 8, 2017, defendants removed this action to federal court based on federal question jurisdiction. (*Id.* at 1–2.) On October 20, 2017, defendant Johnston Contracting filed a

/////

/////

third-party complaint against third-party defendants William McKeand,[1] Tec Spec, and Roes 1–50 for implied and express indemnity, apportionment of fault and contribution, breach of contract, and declaratory relief regarding indemnity and duty to defend. (Doc. No. 14.) Johnston Contracting alleges that it subcontracted with McKeand and Tec Spec to supply and install improvements to the Property, including the shower seat at issue in plaintiff's complaint. (*Id.* at ¶¶ 7–8.) On December 13, 2017, third-party defendant Tec Spec filed a third-party complaint against additional third-party defendants American Specialties, Inc.,[2] Clark Installation, and Roes 1–25 for implied indemnity, equitable indemnity, and declaratory relief. (Doc. No. 29.) Tec Spec alleges that American Specialties, Inc. supplied, and that Clark Installation installed, the shower seat that is the basis of plaintiff's underlying complaint. (*Id.* at ¶¶ 2–3.)

On February 12, 2019, third-party defendant Clark Installation filed the motion now pending before the court, seeking judgment on the pleadings as to plaintiff's causes of action brought under the ADA, the Unruh Act, and California Health and Safety Code § 19955. (Doc. No. 80.) Tec Spec and Johnston Contracting joined in the motion. (Doc. Nos. 82, 83.) Plaintiff filed his opposition on March 19, 2019, and third-party defendant Clark Installation filed its reply on March 26, 2019. (Doc. Nos. 84, 86.)

**LEGAL STANDARD**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In reviewing a motion brought under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

The same legal standard applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) motion. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Accordingly,

---

[1] On July 19, 2018, the parties stipulated to the dismissal of defendant McKeand from this action. (Doc. Nos. 62, 63.)

[2] On July 23, 2018, the parties stipulated to the dismissal of defendant American Specialties, Inc. from this action. (Doc. Nos. 64, 65.)

3

"judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Tr. v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)); *see also Fleming*, 581 F.3d at 925 (noting that "judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law"). The allegations of the non-moving party must be accepted as true, while any allegations made by the moving party that have been denied or contradicted are assumed to be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). The facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party. *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005).

Courts have discretion both to grant a motion for judgment on the pleadings with leave to amend or to simply grant dismissal of causes of action rather than grant judgment as to them. *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citations omitted); *see also Pac. W. Grp. v. Real Time Sols., Inc.*, 321 Fed. App'x 566, 569 (9th Cir. 2008);[3] *Woodson v. State of California*, No. 2:15-cv-01206-MCE-CKD, 2016 WL 524870, at *2 (E.D. Cal. Feb. 10, 2016). Generally, dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Grp.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (citing *In re Daou Sys., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005)); *see also Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (noting that "[l]eave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility").

**ANALYSIS**

Clark Installation, Tec Spec, and Johnston Contracting (collectively "movants") argue that they are entitled to judgment on the pleadings as to plaintiffs' first, second, and third causes of action, because: (1) plaintiff fails to adequately allege an injury-in-fact as required for standing

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

4

under Article III; and (2) plaintiff lacks standing to seek injunctive relief, which is the only remedy available to him under Title III of the ADA. (Doc. No. 80 at 6–7.) The court addresses each of these arguments below.

**A.     Injury-in-Fact**

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). To satisfy the case or controversy requirement, a plaintiff must show that he has suffered an injury-in-fact that is concrete and particularized; that the injury is traceable to the challenged action of the defendant; and that the injury is likely to be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004).

The movants contend that plaintiff alleges "only a single, temporary barrier to access" that is insufficient to state an injury-in-fact. (*Id.* at 8.) Relying on the Ninth Circuit's decision in *Chapman v. Pier 1 Imports (U.S.) Inc.*, the movants argue that the requirement that public accommodations maintain "readily accessible" facilities "does not prohibit isolated or temporary interruptions in service or access due to maintenance or repairs." (*Id.*) (quoting *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011)).

Plaintiff disputes the characterization of his claim as challenging an isolated or temporary interruption in access resulting from maintenance or repairs. (Doc. No. 84 at 11–12.) Plaintiff argues that he suffered an injury-in-fact not because the handicapped shower was temporarily unavailable, but because "the handicapped shower stall that was held out to be ADA compliant was in fact not ADA compliant and therefore failed." (*Id.*) The complaint alleges that "the installment of the seat including the selection and installation of the anchoring device did not comply with the ADA Requirements and Guidelines." (Doc. No. 1 at 12.) According to plaintiff, "[i]t is not necessary to show repeated instances of a design or construction violation, although the violation remains, until such time as a facility is designed and/or constructed in accordance with ADAAG [ADA Accessibility Guidelines]." (Doc. No. 84 at 9.)

5

The court agrees with plaintiff that an allegation of a violation of ADAAG would be sufficient to allege an injury-in-fact. The ADAAG, promulgated by the Attorney General to carry out the provisions of the ADA, "lay[s] out the technical structural requirements of places of public accommodation." *Chapman*, 631 F.3d at 945 (quoting *Fortyune*, 364 F.3d at 1080–81). As the Ninth Circuit has found, "[t]he ADAAG's requirements are as precise as they are thorough, and the difference between compliance and noncompliance with the standard of full and equal enjoyment established by the ADA is often a matter of inches." *Id.* at 945–46 (citing ADAAG provisions requiring grab bar behind water closets to be at least 36 inches long, and for mirrors to be mounted with the bottom edge no higher than 40 inches above the finish floor); *see also Pascuiti v. N.Y. Yankees*, 87 F. Supp. 2d 221, 225 (S.D.N.Y. 1999) (quoting a letter in which the Department of Justice stated that it "consider[ed] any element in a facility that does not meet or exceed the requirements set forth in the [ADAAG] to be a barrier to access"). Finding that the ADAAG provides the minimum technical standards for accessibility in new facilities, the Ninth Circuit has held that "if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA. That discrimination satisfies the 'injury-in-fact' element of *Lujan*." *Chapman*, 631 F.3d at 947; *see also Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1042 n.5 (9th Cir. 2008) ("Once a disabled individual has encountered or become aware of alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation, he has already suffered an injury in fact traceable to the defendant's conduct and capable of being redressed by the courts, and so he possesses standing under Article III.").

That said, however, plaintiff here has alleged an ADAAG violation in no more than a conclusory fashion. (*See* Doc. No. 1 at 12) ("Plaintiff . . . alleges. . . the installment of the seat including the selection and installation of the anchoring device did not comply with the ADA

/////
/////
/////
/////

6

Requirements and Guidelines.").[4]  Although plaintiff references the ADAAG requirements in his complaint, he does not specifically allege what provision of the ADAAG the handicapped shower seat purportedly violated.  To the extent that plaintiff alleges there was some deficiency with the "anchoring device," plaintiff's allegation is vague as to what the purported deficiency was.  He fails to identify, for example, what anchoring device was used or how it was installed, and what anchoring device should have been used or how it should have been installed pursuant to the ADAAG.  *See Fortyune*, 364 F.3d at 1084–85 ("[A]n examination of the ADAAG . . . is necessary in cases that involve the *design* of a public accommodation under the ADA[.]"; *see also Kohler v. In-N-Out Burgers*, 2013 WL 5315443, at *3 (C.D. Cal. Sept. 12, 2013) ("A facility that adheres to the [ADAAG] Standards . . . will not be subject to liability under the ADA for any architectural elements covered by the Standards.").  It is therefore altogether unclear from the complaint before the court whether what plaintiff alleges is in fact an ADA violation at all, as opposed to a claim for negligent installation actionable under state law.

In addition, plaintiff fails to allege how this purported violation "relates to" his own disability.  *Chapman*, 631 F.3d at 947.  The Ninth Circuit has held that a plaintiff "does not have standing to challenge those barriers that would burden or restrict access for a person" with a disability different than the plaintiff's disability.  *See Doran*, 524 F.3d at 1044 n.7 (holding that plaintiff, a wheelchair user, "cannot challenge *all* of the ADA violations in the 7-Eleven store. . . . Doran may challenge only those barriers that might reasonably affect a wheelchair user's full enjoyment of the store."); *see also Chapman*, 571 F.3d at 858 n.2 ("The Ninth Circuit does not . . . grant a plaintiff standing to challenge un-encountered barriers not related to his or her disability.  For example, a non-blind, non sight-impaired person who needs a wheelchair for

---

[4] In support of his opposition, plaintiff submits the declaration of attorney Robin M. Hall, which states that during discovery, an inspection of defendants' premises on May 2, 2018 revealed that the shower seat at issue "did not have the solid backing[] required under Title III of the Americans with Disabilities Act." (Doc. No. 85 at ¶ 4.)  The declaration attaches photographs of the shower seat taken on the day of the inspection.  (*Id.* at 5–6.)  In his reply, third-party defendant Clark Installation objects to the introduction of evidence outside the pleadings, and argues that the declaration is irrelevant, lacking in foundation, and vague.  (Doc. No. 86 at 8–10.)  The court need not resolve these objections because the Hall declaration is also conclusory and does not adequately address the pleading deficiencies identified by the court herein.

mobility cannot challenge barriers that would only restrict access for a person who is blind or sight-impaired."). Here, plaintiff alleges only that he "has a prior injury to his knees causing his disability." (Doc. No. 1 at 9). From this vague allegation alone—without, for example, further factual allegations regarding plaintiff's limited standing mobility—the court is unable to conclude that a noncompliant shower seat "relates to" plaintiff's disability by burdening or restricting his access to the Property.

Because plaintiff has failed to allege facts supporting an ADA violation that relates to his disability, the court concludes that plaintiff has failed to adequately allege an injury-in-fact. Accordingly, the court will grant the movants' motion for judgment on the pleadings on this ground.

**B.     Standing for Injunctive Relief**

The movants also challenge plaintiff's standing on a separate ground, arguing that plaintiff's complaint contains allegations regarding only a single incident that took place on July 8, 2016, and that as a result, plaintiff does not and cannot allege a real and immediate threat of repeated injury as is required to state a claim for injunctive relief. (Doc. No. 80 at 7.)

The only remedy available to private plaintiffs under the ADA is injunctive relief. *See* 42 U.S.C. § 12188(a)(1) (affording private plaintiffs the remedies provided under the Civil Rights Act of 1964, 42 U.S.C. § 2000a-3(a)); *see also Chapman*, 631 F.3d at 946 ("[I]njunctive relief . . . is the only relief available to private plaintiffs under the ADA."). To establish standing to pursue injunctive relief, a plaintiff must demonstrate a "real and immediate threat of repeated injury" in the future. *See Fortyune*, 364 F.3d at 1081 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)). That is, a plaintiff must allege facts demonstrating "a sufficient likelihood that he will again be wronged in a similar way." *Lyons*, 461 U.S. at 111.

The movants argue that plaintiff's complaint alleges only a single incident occurring on July 8, 2016, and "does not and cannot allege that there was any denial of access subsequent to the incident or that he was denied or threatened denial of access to the GBSC facilities before or after the incident." (Doc. No. 80 at 7.) According to movants, "the alleged barrier encountered by Plaintiff resulted from an isolated incident due to unapparent reinforcements needed to the

8

shower seat, not a conscious policy resulting in continuous denial of access." (*Id.*)

The movants' focus on subsequent denial of access, or continuous denial of access pursuant to a conscious policy, misconstrues the applicable legal standard. In *Chapman*, the Ninth Circuit explained:

> [A]n ADA plaintiff can show a likelihood of future injury when he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier. Alternatively, a plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation.

631 F.3d at 950. In sum, courts have jurisdiction to entertain requests for injunctive relief "both to halt the deterrent effect of a noncompliant accommodation and to prevent imminent 'discrimination,' as defined by the ADA, against a disabled individual who plans to visit a noncompliant accommodation in the future." *Id.*

Here, the complaint does not allege that plaintiff has plans to return to the Property, nor does it allege that the architectural barriers he experienced have deterred him from returning to the Property. Indeed, although the complaint alleges that at all times stated therein plaintiff "was a member of GBSC Defendants Facility" (Doc. No. 1 at 12), the complaint does not allege whether plaintiff remains a member, and if so, when plaintiff intends to return or how often plaintiff has returned to the Property since July 8, 2016. Even if plaintiff has not returned to the Property since the incident, the complaint does not allege that plaintiff was deterred from returning because of the noncompliant accommodations. Thus, by the standards set forth in *Chapman*, plaintiff has failed to allege facts showing a likelihood of future injury entitling him to injunctive relief. *See O'Campo v. Ghoman*, 622 Fed. App'x 609 (9th Cir. 2015) (holding that standing for injunctive relief requires plaintiff to allege either intent to return or that barriers deter plaintiff from returning, but that plaintiff would return if barriers were removed) (citing *Chapman*, 631 F.3d at 950); *cf. Barrilleaux v. Mendocino County*, 61 F. Supp. 3d 906, 917–18 (N.D. Cal. 2014) (finding plaintiff's allegation that she "has a need to, and wishes to return to and use the facilities complained of herein, and is deterred from use of these facilities until they are made accessible" established standing to sue for injunctive relief under the ADA). Accordingly,

the movants' motion for partial judgment on the pleadings will be granted as to plaintiff's claim for injunctive relief.

**C.     Leave to Amend**

At the hearing on April 2, 2019, counsel for plaintiff represented to the court that there may be additional facts that could be alleged to support plaintiff's causes of action. The court requested that counsel notify the court within two weeks of the hearing whether plaintiff would seek leave to amend. (*See* Doc. No. 88.) On April 16, 2019, counsel for plaintiff filed a notice with the court stating that, after consultation with plaintiff and plaintiff's expert, plaintiff has additional facts relevant to the causes of action alleged and that plaintiff therefore seeks leave to file an amended complaint. (Doc. No. 90.)

Generally, dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs*, 499 F.3d at 1056 (citation omitted); *see also Ascon Props., Inc.*, 866 F.2d at 1160. At this early stage of the litigation, and given plaintiff's counsel's representations following the hearing, the court does not find that amendment would be futile. The court will therefore grant plaintiff leave to file an amended complaint.

**CONCLUSION**

For the reasons set forth above:

1. The movants' motion for partial judgment on the pleadings (Doc. Nos. 80, 82, 83) is granted, with leave to amend; and
2. Any amended complaint plaintiff elects to file shall be due within twenty-one (21) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **April 24, 2019**

UNITED STATES DISTRICT JUDGE