UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO CUADRA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>GEORGE BROWN SPORTS CLUB-PALM, INC.; GEORGE BROWN SPORTS CLUB, INC.; JOHNSTON CONTRACTING, INC.; and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | No. 1:17-cv-01063-DAD-EPG<br><br><u>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' AND THIRD-PARTY DEFENDANTS' MOTION TO DISMISS</u><br><br>(Doc. Nos. 94, 98, 99, 100) |
| AND RELATED CROSS-ACTIONS | |

　　　This matter is before the court on a motion to dismiss filed by defendants George Brown Sports Club Palm, LLC (erroneously sued herein as "George Brown Sports Club-Palm, LLC") and George Brown Sports Club, Inc. (collectively "GBSC defendants"), and joined by defendant Johnston Contracting Inc. ("Johnston Contracting") and third-party defendants Kenneth Glen Clark, dba Clark Installation ("Clark Installation") and WCM, Inc., dba Tec Spec Constructors ("Tec Spec"). (Doc. Nos. 94, 98, 99, 100.) A hearing on the motion was held on July 16, 2019. Attorney Steven Dias appeared on behalf of plaintiff Mario Cuadra. Attorney Ryan Porte appeared on behalf of the GBSC defendants and attorney Warren Campbell appeared on behalf of

1

defendant Johnston Contracting. Attorney Kathleen Miller appeared on behalf of third-party defendant Clark Installation, and attorney Alexander Sharp appeared on behalf of third-party defendant Tec Spec. The court has considered the parties' briefs and oral arguments, and for the reasons set forth below, will grant in part and deny in part the motion to dismiss.

## BACKGROUND

Plaintiff's first amended complaint alleges as follows. Plaintiff is a person with physical disabilities resulting from a prior injury to his knees. (Doc. No. 93 (hereinafter "FAC") at ¶ 5.) Plaintiff has suffered numerous knee injuries and has undergone multiple knee surgeries, including full knee replacement surgery. (*Id.*) Because of his disability, it is difficult and dangerous for plaintiff to stand for prolonged periods of time. (*Id.*)

At all relevant times, plaintiff was a member of the George Brown Sports Club facility located at 7825 N. Palm Avenue in Fresno, California (the "Facility"). (*Id.* at ¶¶ 16, 17.) On or about July 8, 2016, plaintiff visited the Facility and attempted to shower in the men's handicap shower stall by sitting on the handicap shower seat. (*Id.* at ¶ 21.) While plaintiff was showering, the handicap seat and anchoring system gave way, causing plaintiff to fall and impact the shower floor and walls. (*Id.*) Plaintiff alerted Facility employees of the incident. (*Id.* at ¶ 22.) Plaintiff returned to the handicap shower stall with a maintenance worker, at which time plaintiff observed the shower seat detached from the wall, the anchor devices pulled off the wall with screws still attached, and a large hole in the tile where the anchor devices had previously been attached. (*Id.* at ¶ 23.)

Plaintiff alleges that defendants violated the ADA Accessibility Guidelines ("ADAAG") by failing to construct and maintain the men's handicap shower seat in compliance with ADAAG Section 4.26.3, which mandates that the structural strength of grab bars, tub and shower seats, fasteners, and mounting devices meet certain specifications. (*Id.* at ¶ 27.) In addition, plaintiff alleges that defendants are in violation of Title 24 of the Building Codes and Standards, Section 11B-610.4, which mandates that "[a]llowable stresses shall not be exceeded for materials used when a vertical or horizontal force of 250 pounds (1112 N) is applied at any point on the seat, fastener, mounting device, or supporting structure." (*Id.* at ¶ 28.)

As a result of the fall, plaintiff sustained physical injuries including, but not limited to, shakiness, numbness, and tingling sensations. (*Id.* at ¶ 24.) Because his physical condition continued to deteriorate, plaintiff was unable to return to his daily gym routine. (*Id.*) One month after the incident, unable to travel or drive to the Facility, plaintiff elected to freeze his membership account. (*Id.*) At the time of the filing of the FAC, plaintiff's membership account remains frozen. (*Id.* at ¶ 25.) After undergoing multilevel cervical fusion surgery, plaintiff is now physically capable of returning to the gym, but has opted to patronize a gym he considers less desirable because he fears the shower seat at defendants' Facility will fail again. (*Id.* at ¶¶ 30, 31.)

Plaintiff filed this action in Fresno County Superior Court on July 7, 2017 asserting six causes of action against defendants George Brown Sports Club Palm LLC, George Brown Sports Club, Inc., Johnston Contracting, and Does 1–100 for: (1) violation of the Americans with Disabilities Act of 1990 ("ADA"); (2) violation of the Unruh Civil Rights Act ("Unruh Act"); (3) denial of full and equal access to public facilities under Health and Safety Code § 19955(a); (4) negligence; (5) premises liability; and (6) products liability. (Doc. No. 1 at 7–23.) Plaintiff seeks damages, injunctive relief, and attorneys' fees and costs. (*Id.* at 22–24.). On August 8, 2017, defendants removed the action to this federal court based on federal question jurisdiction. (*Id.* at 1–2.)

On October 20, 2017, defendant Johnston Contracting filed a third-party complaint against third-party defendants William McKeand,[1] Tec Spec, and Roes 1–50 for implied and express indemnity, apportionment of fault and contribution, breach of contract, and declaratory relief regarding indemnity and duty to defend. (Doc. No. 14.) Johnston Contracting alleges that it subcontracted with McKeand and Tec Spec to supply and install improvements to the Facility, including the shower seat at issue in plaintiff's complaint. (*Id.* at ¶¶ 7–8.) On December 13, 2017, third-party defendant Tec Spec filed a third-party complaint against additional third-party
/////

---

[1] On July 19, 2018, the parties stipulated to the dismissal of defendant McKeand from this action. (Doc. Nos. 62, 63.)

defendants American Specialties, Inc.,[2] Clark Installation, and Roes 1–25 for implied indemnity, equitable indemnity, and declaratory relief. (Doc. No. 29.) Tec Spec alleges that American Specialties, Inc. supplied, and that Clark Installation installed, the shower seat that is the basis of plaintiff's complaint. (*Id.* at ¶¶ 2–3.)

On February 12, 2019, third-party defendant Clark Installation filed a motion seeking judgment on the pleadings as to plaintiff's causes of action brought under the ADA, the Unruh Act, and California Health and Safety Code § 19955. (Doc. No. 80.) Tec Spec and Johnston Contracting joined in that motion. (Doc. Nos. 82, 83.) On April 25, 2019, the court granted the movants' motion for judgment on the pleadings and granted plaintiff leave to file an amended complaint. (Doc. No. 91.)

On May 15, 2019, plaintiff filed his first amended complaint. (Doc. No. 93.) On May 29, 2019, the GBSC defendants filed the motion to dismiss now pending before the court. (Doc. Nos. 94–97.) Defendant Johnston Contracting and third-party defendants Clark Installation and Tec Spec joined in the motion. (Doc. Nos. 98–100.) Plaintiff filed his opposition on July 2, 2019. (Doc. No. 103.) The GBSC defendants filed their reply on July 9, 2019. (Doc. Nos. 104.)

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

/////

---

[2] On July 23, 2018, the parties stipulated to the dismissal of defendant American Specialties, Inc. from this action. (Doc. Nos. 64, 65.)

4

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## ANALYSIS

The GBSC defendants, Johnston Contracting, Clark Installation, and Tec Spec (collectively "movants") move to dismiss plaintiffs' first, second, and third causes of action on the ground that plaintiff fails to state a cognizable claim. (Doc. No. 95 at 5–8.) The court addresses each cause of action below.

**A.      ADA Claim**

As pleaded in the FAC, plaintiff's ADA claim is ostensibly based on four different theories of liability: (1) denial of full and equal enjoyment and use; (2) failure to design and construct an accessible facility; (3) failure to modify existing policies and procedures; and (4) failure to maintain accessible features. (*See* FAC at ¶¶ 36–47.)

        1.      Denial of Full and Equal Enjoyment and Use

To state a claim under Title III of the ADA, a plaintiff must allege that: (1) she has a disability; (2) the business is a "public accommodation"; and (3) the plaintiff was denied full and equal treatment because of her disability. *Wilson v. Pier 1 Imports (US), Inc.*, 439 F. Supp. 2d

1054, 1067 (E.D. Cal. 2006).

Movants concede that plaintiff has sufficiently alleged the first two elements of an ADA claim. (Doc. No. 95 at 5.) However, movants argue that plaintiff fails to plead sufficient facts to show that he was denied full and equal treatment on account of his disability, because "Plaintiff has not alleged how this failure denied Plaintiff of the opportunity to participate in gym activities, nor does Plaintiff allege how [the GBSC defendants] failed to accommodate persons with disabilities." (*Id.* at 6.) According to movants, plaintiff's discrimination claim fails because "there is no question that [the shower seat] was present, and that Plaintiff availed himself of the benefits of the sports club, and specifically, the use of Defendant's handicap shower seat, on many occasions." (*Id.*)

Notably, movants fail to cite any authority in support of its argument that this claim should be dismissed. That plaintiff was able to "participate in gym activities" and "avail[] himself of the benefits of the sports club" does not defeat his ADA claim. On the contrary, the Ninth Circuit has clarified that enforcement of the ADA is not limited to barriers that "completely preclude the plaintiff from entering or from using a facility in any way." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011); *see also Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 n.4 (9th Cir. 2008) (noting that the ADA "does not limit its antidiscrimination mandate to barriers that completely prohibit access"). In fact, the Ninth Circuit has specifically noted that "[b]ecause the ADAAG establishes the technical standards required for 'full and equal enjoyment,' if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA." *Chapman*, 631 F.3d at 947. To the extent that movants seek to dismiss plaintiff's ADA claim for failure to adequately allege the denial of full and equal treatment, the motion will therefore be denied.

### 2. Failure to Design and Construct an Accessible Facility

Movants next argue that plaintiff's claim that defendants failed to design and construct an accessible facility must fail. (Doc. No. 95 at 6–7.) Although plaintiff's FAC cites various ADAAG and California Building Code provisions, movants take issue with the complaint to the

6

extent that it "never states what the deficiency [with the anchoring device] was, how the anchoring device was used, how it was installed, what anchoring device should have been used, or how it should have been installed." (*Id.* at 7.)

At this stage of the litigation, however, plaintiff cannot be expected to have access to such information. This argument, while perhaps appropriate where a complaint must state a claim with heightened specificity, is inapplicable here. *See* Fed. R. Civ. P. 9; *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (noting that a cause of action subject to Rule 9 must plead "the who, what, when, where, and how" of the alleged misconduct). A plaintiff is not charged with possession of such information at the outset of the litigation, especially since this information is likely obtainable only during discovery and through expert testimony. Once again, movants have provided no citation to authority in support of their contention that such detailed facts must be alleged in the complaint, and the court declines to impose such a requirement.

### 3. Failure to Modify Existing Policies and Procedures

Movants next argue that plaintiff's ADA claim, based on a failure to modify existing policies and procedures, must fail because plaintiff fails to allege what policies or procedures defendants should have modified. (Doc. No. 95 at 7.)

The court agrees that plaintiff's FAC contains nothing more than conclusory allegations with respect to existing policies, practices, or procedures. The FAC does not include even the barest details as to what those policies were, making it impossible for defendants to know what is being alleged against them. In his opposition, plaintiff merely argues that "[i]t is not Plaintiff[']s onus to outline what policy or procedures GBSC Defendants should have modified" (Doc. No. 103 at 12–13), but cites no authority in support of this proposition. Because the allegation that defendants violated the ADA "by failing to make reasonable modifications in policies, practices, or procedures at the Facility" (FAC at ¶ 44) does no more than track the language of the statute, this cause of action must be dismissed to the extent it is predicated on a theory of failure to modify existing policies and procedures.

At the hearing on the pending motion, plaintiff's counsel conceded that plaintiff is incapable of pleading additional facts that would support his allegations of failure to modify

7

1  existing policies and procedures, but that the exchange of discovery in this case may later enable
2  plaintiff to do so. For this reason, this claim will be dismissed without prejudice, subject to the
3  filing of a future motion to amend the complaint within the time provided by the scheduling order
4  and to the extent that facts supporting such a claim are uncovered during the discovery phase of
5  this case.

          4. <u>Failure to Maintain Accessible Features</u>

Finally, movants seek dismissal of plaintiff's ADA cause of action to the extent it alleges that defendants failed to maintain accessible features. (Doc. No. 95 at 7–8.) Movants contend that plaintiff "fails to allege what kind of maintenance would have been effective in discovering and repairing this issue." (*Id.* at 8.) Movants have again provided no authority in support of this argument, and the court is aware of no case standing for the proposition that a plaintiff in an ADA case must not only allege that the defendant failed to maintain accessible features, but must also allege how the defendant could remedy the alleged deficiency. The motion to dismiss plaintiff's ADA cause of action as to this theory of liability will be denied.

**B.      Claims Under the Unruh Act and Health and Safety Code § 19955(a)**

Next, movants seek dismissal of plaintiff's second and third causes of action, which are alleged under California Civil Code § 51 and California Health and Safety Code § 19955(a), respectively. Movants argue that plaintiff lacks standing because he has not adequately alleged an injury-in-fact, and that with respect to his second cause of action specifically, plaintiff is required to allege intentional discrimination but has failed to do so. (*Id.*)

Movants' standing argument is difficult to decipher, likely because the briefing as to that argument is cursory. In the court's view, plaintiff's FAC is more than adequate to allege an injury-in-fact for purposes of Article III standing. Not only does it allege that plaintiff was physically injured as a result of his fall, it also alleges that he was unable to return to the Facility as a result of these injuries. (FAC at ¶¶ 24, 30, 31.) The FAC further alleges that the handicap shower seat violated ADAAG standards by failing to meet the minimum required structural strength. (*Id.* at ¶ 27.) As the court previously noted in its April 25, 2019 order granting partial judgment on the pleadings, the Ninth Circuit has held that "if a barrier violating [ADAAG]

standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA. That discrimination satisfies the 'injury-in-fact' element of *Lujan*." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011); *see also Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1042 n.5 (9th Cir. 2008) ("Once a disabled individual has encountered or become aware of alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation, he has already suffered an injury in fact traceable to the defendant's conduct and capable of being redressed by the courts, and so he possesses standing under Article III."). Movants offer no explanation as to how the allegations in the FAC fail to establish standing here.

Separately, movants seek dismissal of plaintiff's claim under the Unruh Act, California Civil Code § 51, arguing that plaintiff is required to allege intentional discrimination. (Doc. No. 95 at 8.) This argument is contrary to the California Supreme Court's decision in *Munson v. Del Taco*, *Inc.*, 46 Cal. 4th 661, 665 (2009), which held that a plaintiff alleging an Unruh Act violation predicated on a violation of the ADA "may obtain statutory damages . . . without the need to demonstrate additionally that the discrimination was intentional." Because the court has already found that plaintiff's ADA claim survives at least to some degree, no allegations of intentional discrimination are required to support plaintiff's Unruh Act claim.

## CONCLUSION

For the reasons set forth above,

1. Movants' motion to dismiss (Doc. Nos. 94, 98, 99, 100) is granted in part;
2. To the extent that plaintiff's ADA claim is based on a failure to modify existing policies and procedures, that claim is dismissed without prejudice to a timely motion to amend if supported by facts uncovered in discovery; and
3. The motion to dismiss (Doc. Nos. 94, 98, 99, 100) is denied in all other respects.

IT IS SO ORDERED.

Dated: **August 13, 2019**

UNITED STATES DISTRICT JUDGE

9